John Troy (JT 048) JUDGE NATHAN
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342

**14 CV   3963**

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**WEN BING CHEN, and on behalf of himself and others
similarly situated,**



Plaintiff(s),

-against-

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

**MEE NOODLE SHOP & GRILL, INC., QIANG WANG,
and JANE DOE**

Defendant(s).

------------------------------------------------------------------X

Plaintiff, on behalf of himself and all others similarly situated, by and through the

undersigned, hereby files this Complaint against Defendants:

**INTRODUCTION**

1. Plaintiff alleges pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA")

   that he is entitled to recover from Defendants (1) unpaid overtime wages, (2) unpaid

   minimum wages, (3) liquidated damages, and (4) attorney's fees and costs.

2. Plaintiff further alleges pursuant to New York Labor Law §§ 650 *et seq.* ("NYLL") and New

   York Codes, Rules and Regulations §§ 146 ("NYCRR") *et seq.* that he is entitled to recover

   from the Defendants: (1) unpaid overtime wages, (2) unpaid spread of hours payments for

each day he worked ten or more hours, (3) unpaid minimum wages, (4) liquidated damages, and (5) attorney's fees and costs.

**JURISDICTION AND VENUE**

3.  This Court has original jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Federal Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

4.  This Court has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

6.  Plaintiff, Wen Bing Chen (hereinafter "Chen"), was employed by Defendants as a deliveryman at the Mee Noodle Shop and Grill located at 547 2nd Avenue, New York, NY 10016.

7.  Chen was employed at Mee Noodle Shop and Grill from September 1, 2012 to March 10, 2014.

8.  At all times relevant to this action, the Plaintiff was the Defendants' employee within the meaning of the FLSA and NYLL.

**DEFENDANTS**

*Corporate Defendant*

9.  Upon information and belief, corporate defendant Mee Noodle Shop and Grill, Inc. is a domestic business corporation organized under the laws of the State of New York.

10. At all relevant times, Mee Noodle Shop and Grill was a business engaged in interstate

commerce that had sales in excess of $500,000 per year. Upon information and belief corporate defendants purchased and handled goods moved in interstate commerce.

### Owner/ Manager Defendants

11. Upon information and belief, the Defendant Qiang Wang (hereinafter "Wang"), was managing director of Mee Noodle Shop and Grill at all relevant times.

12. Defendant Wang had the power to hire and fire employees, set wages, set terms and conditions of employment, and maintain employment records of all employees, including the Plaintiff.

13. Upon information and belief, Defendant Wang did in fact hire and fire employees, set wages, terms and conditions of employment for all employees, including the Plaintiff.

14. Upon information and belief, Wang was the Plaintiff's employer as defined by the Fair Labor Standards Act and New York State labor law, between October 2, 2004 and May 6, 2011.

15. Upon information and belief, the Defendant Jane Doe is the mother of Qiang Wang, to whose name the license of Mee Noodle Shop was issued.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons employed by Defendants at Mee Noodle Shop & Grill on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to notify and inform

Plaintiff of tip provisions and regulations, refusing to pay them at the legally required minimum wage for all hours worked, and one and a half (1.5) times this rate for work in excess of forty (40) hours per workweek.  These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

18. The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

19. At all times relevant to this action, Defendants committed the following alleged acts knowingly, intentionally and willfully.

20. Defendants knew that the violation of tip provisions, nonpayment of minimum wages, overtime wages and spread-of-hours would financially injure the Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

21. Upon information and belief, Defendants never posted the required United States Department of Labor and New York State Department of Labor posters regarding employee rights, minimum wage, overtime pay and tips or the procedures for filing a complaint for violations of these statutes and federal labor laws.

22. Upon information and belief, Defendants knowingly and willfully violated FLSA tip provisions by retaining employees' gratuities and by failing to notify employees of the relevant tip credit provisions, as required by the FLSA.

23. Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of the Plaintiff's and the FLSA Collective Plaintiffs' hours and wages in order to avoid liability for their wage violations.

24. Between September 1, 2012 and March 20, 2014. the federal minimum wage was as follows:

    a.  $7.25 until December 30, 2013; and

    b.  $8.00 up to and including March 20, 2014.

25. Throughout the statute of limitations period covered by these claims, the Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

26. At all relevant times, Plaintiff Chen regularly worked either thirty and a half (30.50) or thirty three and a half (33.50) hours in excess of forty (40) hours per workweek.

27. At all relevant times, Plaintiff Chen regularly worked 6 days per workweek, for either eleven and three half (11.75) hours or twelve and a quarter (12.25) hours each day.

28. During Plaintiff Chen's employment at Mee Noodle Shop and Grill, he was compensated $900 per month.

29. Plaintiff Chen and the FLSA Collective Plaintiffs were not compensated the federal and state minimum wages.

30. Plaintiff Chen and the FLSA Collective Plaintiffs were not properly compensated the federal and state overtime payment.

31. Finally, Plaintiff Chen was not compensated New York's "spread of hours" premium, as provided for under NYCRR §146-1.6, for days on which his shift lasted longer than ten (10) hours.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §201 *et seq.***
**Brought by Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

33. At all relevant times, the Defendants have been "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA. At all relevant times, the Defendants employed "employees" including Plaintiff Chen.

34. At all relevant times, Defendants had and operated under a policy of willfully failing and refusing to pay Plaintiff Chen at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

35. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rate, being, one-and-one half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

36. It is unlawful under FLSA for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

37. Throughout the statute of limitations period covered by these claims, Plaintiff Chen regularly worked in excess of forty (40) hours per workweek.

38. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked between thirty and a half (30.50) and thirty three and a half (33.50) hours in excess of forty (40) hours per workweek.

39. Plaintiff seeks damages on behalf of himself and similarly situated plaintiffs in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by

the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Overtime Violations, NYLL § 650 *et seq.* New York Codes Rules and Regulations, NYCRR § 146-1.4

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. Throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff the required overtime rates: one-and-one-half times the minimum wage rate for hours worked in excess of forty (40) hours per workweek.

42. It is unlawful under New York law for an employer to permit non-exempt employees to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

43. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked between thirty and a half (30.50) and thirty three and a half (33.50) hours in excess of forty (40) hours per workweek.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, and attorney's fees and costs pursuant to New York Labor Law § 663.

## THIRD CLAIM FOR RELIEF
### FLSA Minimum Wage Claims, 29 U.S.C. §§ 201 and 203 *et seq.*
### (Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

47. At all relevant times, Defendants had and operated under a policy of willfully failing and refusing to pay Plaintiff the minimum wage rate for each hour worked, and willfully failing to keep records required by the FLSA.

48. At all relevant times, Defendants willfully violated the tip credit provisions by failing to inform employees of the relevant provisions and violating the employees' rights to retain tips as set out in the FLSA.

49. Plaintiff seeks damages on behalf of himself and similarly situated plaintiffs in the amount of their respective unpaid minimum wage, liquidated damages as provided by the FLSA for minimum wage violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq*. and**
**New York Codes Rules and Regulations, NYCRR § 146-1.2.**

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly, and repeatedly failed to pay Plaintiff the state minimum wage for each hour worked.

52. Additionally, Defendants knowingly paid Plaintiff less than the minimum wage set forth in NYLL § 652 and supporting regulations of the New York State Department of Labor.

53. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

54. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorney's fees pursuant to NYLL.

## FIFTH CLAIM FOR RELIEF
### New York State Spread of Hours Violation, NYCRR § 146-1.6

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Defendants willfully and intentionally violated NYCRR § 146-1.6 by failing to pay Plaintiff one extra hour's pay at the basic minimum hourly wage rate for each day Plaintiff's spread of hours work exceeded 10 hours. This "spread of hours" regulation is applicable even if there is a split shift.

57. Plaintiff's workday regularly lasted longer than 10 hours.

58. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein Plaintiff has sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorney's fees and costs pursuant to New York Labor Law § 663.

## SIXTH CLAIM FOR RELIEF
### New York State Notice of Pay Rate Violation, NYCRR § 146-2.2

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

60. The NYLL and supporting regulations require employers to notify employees of their intent to apply a tip credit and post a notice conspicuously explaining the employment laws' requirements. 12 NYCRR §142-2.8.

61. Defendants have not posted the notices required by the NYLL informing Plaintiffs of the requirements of the employment law, or provided information about employment laws' requirements in other forms to Plaintiffs and the Rule 23 Class.

62. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs.

63. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 a week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

64. As a result of Defendants' unlawful conduct, Plaintiff have sustained damages, including loss of earnings in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorney's fees and costs pursuant to state law.

## SEVENTH CLAIM FOR RELIEF
### New York State Notice to Employee Violation, NYLL § 195

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

66. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime pay every year.

67. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to the compensation of the Plaintiff.

68. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $100 a week for each week of the violations together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198.

## EIGHTH CLAIM FOR RELIEF
### New York State Record Keeping Violation, NYCRR § 146-2.1

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth
    herein.

70. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a
    period of not less than six years, as required by NYCRR § 146-2.1.

71. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss
    of earning, in an amount to be established at trial, liquidated damages, prejudgment interest,
    costs and attorney's fees, pursuant to the state law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the FLSA Collective Plaintiffs, prays for relief
as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs
   (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all
   similarly situated members of the FLSA opt-in class, apprising them of the pendency of this
   action, and permitting them to assert timely FLSA claims in this action by filing individual
   Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Declaring that the Defendants violated the rules and regulations under the FLSA and NYLL
   with respect to Plaintiff's compensation, hours and wages;

D. Declaring that the Defendants' violations of the FLSA and NYLL were willful;

E. Awarding damages to Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs,
   according to proof, including unpaid overtime compensation, unpaid minimum wages, unpaid
   spread-of-hours compensation, and liquidated damages plus interest, to be paid by Defendants;

F.  Costs of action incurred herein, including expert fees;

G.  Attorney's fees and costs, including fees pursuant to 29 U.S.C. §201 et seq., 12 NYCRR § 146,

NYLL § 198 and other applicable statutes.

H.  Pre-judgment and post-judgment interest, as provided by law; and

I.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: Flushing, New York
       May 28, 2014

                                        TROY LAW, PLLC
                                        *Attorney for Plaintiff*

                                        By: John Troy (JT0481)
                                        41-25 Kissena Blvd, Suite 119
                                        Flushing, New York 11355
                                        Phone: (718) 762-1324
                                        Fax: (718) 762 1342
                                        Email: johntroy@troypllc.com